UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE DAILEY LAW FIRM, P.C.,

    Plaintiff,

v.

THE TRAVELERS INDEMNITY
COMPANY,

    Defendant.
_____/

Case No. 23-10535
Hon. Denise Page Hood

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PURSUANT TO 12(b)(6) [ECF NO. 2]

### I.    INTRODUCTION

Now before the Court is Defendant's, Travelers Casualty Insurance Company of America ("Travelers"), Motion to Dismiss Plaintiff's, The Dailey Law Firm, P.C.'s ("Dailey"), Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 2]. Dailey has not filed a response to this motion. On October 2, 2023, the Court gave notice to all parties that it will make a determination without oral argument in accordance with Eastern District of Michigan LR 7.1(f)(2). [ECF No. 4].

### II.    BACKGROUND

On or about January 3, 2023, Dailey filed a complaint against Travelers in the State of Michigan in the 36th District Court. [ECF No. 1, PageID.7]. Dailey alleges

1

that it contracted with Travelers in 2010 to insure against commercial losses. *Id*. at PageID.8. On August 19, 2019, the insurance coverage was expanded to include Employee Dishonesty as defined by the Insurance Policy under Additional Coverages. *Id*. On February 12, 2021, while the policy was in effect, an employee quit after embezzling at least $600,000.00 in settlement checks. *Id*. at PageID.9. Dailey asserts that it was not until a few months after the employee's abrupt departure that it realized the embezzlement occurred. *Id*.

Dailey claims that the terms of the Insurance Policy dictate that Travelers is required to pay Dailey $25,000.00 per loss for the dishonest acts committed up until the first covered dishonest act is uncovered. *Id*. Dailey seeks declaratory judgment declaring that it is entitled to be compensated $25,000.00 for each individual diverted settlement check embezzled by its former employee and damages for breach of contract for Traveler's failure to pay Dailey for any of the covered losses Dailey incurred, up to the policy limit of $25,000.00 per loss. *Id*. at PageID.10. Furthermore, Dailey contends that Travelers has breached the contract between the entities by failing to pay Dailey for any of the covered losses incurred up to the policy limit of $25,000.00 per loss. *Id*.

Travelers removed this matter to federal court on the basis of diversity jurisdiction. [ECF No. 1]. Travelers now brings this motion to dismiss Dailey's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Dailey

2

has failed to state a claim upon which relief can be granted. [ECF No. 2]. Travelers contends that it is not required to pay Dailey for each settlement check that was diverted because the policy limits recovery to a maximum of $25,000.00 per occurrence and the embezzlement which took place represents only one occurrence under the policy. *Id*. at PageID.33.

The Court will assume the facts alleged by Dailey's Complaint are true for purposes of this motion, as required by FRCP 12(b)(6).

### III. STANDARD

A motion brought pursuant to FRCP 12(b)(6) "challenges the legal theory of the complaint, not the sufficiency of any evidence which may be discovered." *In re Gainey Corp.*, 481 B.R. 264 (B.A.P. 6th Cir. 2012). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Nor will complaints including naked assertions without factual enhancements. *Id*. In order to survive a motion to dismiss, plaintiffs must plead enough factual allegations to raise a right to relief above the speculative level.

*Twombly*, 550 U.S. at 555. For purposes of a motion to dismiss, Courts "must take all of the factual allegations in the complaint as true." *Iqbal*, 556 U.S. at 678. However, Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.

IV. ANALYSIS

    a. **Count I: Declaratory Judgment.**

Dailey seeks declaratory judgment declaring that it is entitled to be compensated $25,000.00 for each individual diverted settlement check embezzled by its employee during the applicable coverage year. [ECF No. 1, PageID.10]. To prevail on this claim, Dailey must have plausibly alleged facts that, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Saginaw Cnty., Michigan v. STAT Emergency Med. Servs., Inc.*, 946 F.3d 951, 954 (6th Cir. 2020); see also Rule 57. Declaratory Judgment, 2 Federal Rules of Civil Procedure, Rules and Commentary Rule 57. "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240–41, 57 S. Ct. 461, 464, 81 L. Ed. 617 (1937)

Here, as in *Aetna Life Ins. Co.*, there is a dispute between the parties which relates to legal rights and obligations arising from Dailey's Insurance policy issued

by Travelers. The parties do not dispute that an event has taken place, i.e. the embezzlement of hundreds of thousands of dollars by a Dailey employee, triggering the coverage provided by the Travelers Insurance Policy. The question here is simple: whether the Travelers Insurance Policy provides up to the policy limit of $25,000 per embezzled check or up to $25,000 for the entire event or occurrence. Section A of the Policy states that the policy will provide Additional Coverage for Employee Dishonesty as defined by the policy. [ECF No. 2, PageID.29]. The policy further states the most Travelers will pay for loss or damage under this Additional Coverage in any one occurrence is $25,000. *Id*. at PageID.30. Importantly, the Policy defines the term "occurrence" as "all loss or damage caused by or involving the same 'employee(s)' whether the result of a single act or series of acts." [ECF No. 2-1, PageID.112-113].

According to Dailey, it was the victim of dozens of losses and Travelers is required to pay Dailey $25,000 per loss under the policy. [ECF No. 1, PageID.9]. According to Travelers, the embezzlement only constitutes one occurrence of Employee Dishonesty, therefore Dailey is only entitled to a one-time payment of $25,000 for the losses it sustained. [ECF No. 2, PageID.25-26]. Because "insurance policies are subject to the same contract construction principles that apply to any other species of contract…a court must construe and apply unambiguous contract provisions as written." *Rory v. Cont'l Ins. Co.*, 473 Mich. 457, 461, 703 N.W.2d 23,

26 (2005). While Dailey's Complaint states that Dailey has an alternative view of the interpretation of the Policy, it does not state a valid basis for believing that it is entitled to the relief it seeks. The policy clearly establishes what Additional Coverage is provided by the Policy, defines when the coverage is triggered, and what constitutes an "occurrence." See *Superstition Crushing, LLC v. Travelers Casualty And Surety Co. of America*, 360 Fed. Appx. 844, 846 (9th Cir. 2009); *Madison Materials Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 523 F.3d 541 (5th Cir. 2008); *Beckley Mechanical, Inc. v. Erie Ins. & Cas. Co.*, 374 Fed. Appx. 381 (4th Cir. 2010). Dailey does not assert that it was led to believe that it was entitled to more coverage by a Travelers employee. Therefore, Dailey has not stated enough facts to show that there is a plausible dispute regarding the language of the Insurance Policy. Travelers' motion to dismiss is granted as to Count I.

 b. **Count II: Breach of Contract**

Dailey also lodges a claim for breach of contract against Travelers. [ECF No. 1, PageID.10]. In support of its claim, Dailey asserts Travelers has failed to pay it for any of the covered loss incurred. *Id*. To prevail on a claim for breach of contract, Dailey's complaint must plead sufficient facts showing "(1) a contract existed between the parties, (2) the terms of the contract required performance of certain actions, (3) a party breached the contract, and (4) the breach caused the other party

injury." *Green Leaf Nursery, Inc. v. Kmart Corp.*, 485 F. Supp. 2d 815, 818 (E.D. Mich. 2007).

Travelers does not dispute the fact that the parties were in privity at the time of the alleged losses. [ECF No. 2, PageID.27]. Travelers further admits that it is obligated to pay Dailey at least up to $25,000 for the losses it sustained as a result of the embezzlement. *Id*. at PageID.40. Dailey asserts that Travelers has breached the contract by failing to pay for *any* of the covered losses. [ECF No. 1, PageID.10]. While Travelers' brief in support of its motion to dismiss attempts to get around this alleged failure to pay by arguing that Dailey's Complaint fails to state a claim because it alleges entitlement to an amount that Travelers does not believe it is entitled to, it does not provide sufficient facts or evidence showing that Travelers does not owe Dailey anything for its losses. Travelers states that it never denied coverage, nevertheless, it does not show that it has satisfied any obligation including a payment for the amount it believes Dailey is owed for the losses sustained. Therefore, Dailey has stated a claim for breach of contract. Travelers' motion to dismiss Dailey's Complaint is denied as to Count II.

## V. CONCLUSION

In light of the foregoing,

7

**IT IS SO ORDERED** that Travelers' motion to dismiss Dailey's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 2] is GRANTED as to Count I – declaratory judgment.

**IT IS FURTHER ORDERED** that Travelers' motion to dismiss Dailey's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 2] is DENIED as to Count II – breach of contract.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: December 5, 2023